CRAWLEY, Judge.
The State filed a civil complaint seeking to have $649 and a 1987 Toyota 4Runner vehicle, the property of Byron McCord, forfeited pursuant to § 20-2-93, Ala.Code 1975. By agreement of the parties, the case was submitted on the deposition testimony of McCord and the briefs of the parties.
McCord was arrested at his residence on July 24, 1998, by officers of the Mobile Police Department; he was charged with possession of cocaine. At that time, the officers seized $649 from a wallet on a nightstand in McCord’s bedroom and took possession of a Toyota 4Runner vehicle parked outside the residence. McCord denied that the money was proceeds, of a drug sale and denied that his vehicle had been used to facilitate a drug offense. He testified that he was a cosmetologist at Jackie’s Hair Salon in Mobile and that the money was his weekly earnings. He said that he had never transported drugs in the vehicle.
The circuit court entered the following order:
“The State having failed to establish by a preponderance of the evidence that the Defendant used the vehicle in question ‘in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances],’ § 20 — 2—93(a) (5), Code of Alabama, judgment is rendered for Defendant. It is true that Defendant used the vehicle to transport himself to the site of drug transactions, but this indirect connection of the vehicle to the illegal activities does not suffice.”
(Emphasis in original.) The State appeals.
We must dismiss the appeal because it is from a nonfinal judgment. An appeal ordinarily lies only from a final judgment. § 12-22-2, Ala.Code 1975. The circuit court’s order leaves unresolved the issue whether the $649 was to be forfeited. Unless an order disposes of all of the claims of the parties, it is interlocutory and does not constitute a final judgment. See Rule 54(b), Ala.R.Civ.P. See also Goza v. Everett, 365 So.2d 658 (Ala.1978) (holding that an order that did not address all claims for relief was not a final judgment and that an appeal from such an order was due to be dismissed). Because the circuit court has not disposed of the State’s request to have the $649 forfeited, this court cannot reach the merits of the case.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.